[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On March 27, 1990 this court (Levister, J.), pursuant to its decree of legal separation, ordered the plaintiff to pay to the defendant "fifty percent of his net income." The parties disagree concerning the meaning of "net income" as well as certain other aspects of the court's financial orders. To resolve the issues the parties have agreed to submit them to the court for decision, either by way of clarification or modification of the judgment.
In considering the parties' joint application as one for modification as well as clarification, the court deems the parties to have waived the requirement that there be a showing CT Page 6861 of a substantial change in circumstances under 46b-86 since the judgment as modified is to speak nunc pro tunc.
While the parties seek a bright line definition of the term "net income" such as that suggested by our Supreme Court in Sturtevant v. Sturtevant, 146 Conn. 644, 648 and comprehensively discussed at 79 A.L.R.2d 620, 3, no such definition is necessary in this case.
In finding that the plaintiff had a net income of $3,887 per month, Judge Levister clearly included both retirement income and interest income but did not include self-employment or partnership income because the plaintiff showed a loss on his tax return from these two activities.
The judgment is clarified and/or modified as follows:
 1. All net pension (retirement) income, as the same may vary from time-to-time, shall be included as "net income" as that term is used in the judgment. To implement this provision, this court will approve a proper Qualified Domestic Relations Order when submitted;
 2. neither self-employment nor partnership income shall be included as net income unless either activity reports a net profit on the plaintiff's annual income tax return:
 3. both the federal income tax refund of $16,754 and the state tax refund of $1,997 are deemed marital assets and are subject to division in accordance with Judge Levister's order;
 4. while no explicit determination appears to have been made by the court concerning the post judgment condominium expenses paid by the plaintiff, this court believes that such payments without credit or reimbursement are consistent (a) with the judgment of this court, (b) the length of the marriage and (c) the plaintiff's conduct in failing to have this issue resolved in a timely and decisive manner;
 5. the order of this court requiring equal division of assets implies that interest at the legal rate of 8% be paid by the plaintiff to the defendant on the excess of $121,821 which he has held since the date of judgment.
MOTTOLESE, J. CT Page 6862